OPINION
{¶ 1} The appellant, Erin Ratleff, appeals the March 22, 2004 judgment of the Common Pleas Court of Logan County, Ohio, sentencing her to four years of imprisonment.
 {¶ 2} On June 5, 2003, a confidential informant (hereinafter "CI") advised police that he could buy crack cocaine from Ratleff at her home. Accordingly, the police wired the CI and provided him with $50 to make the purchase. The CI arranged the meeting at Ratleff's home and made the transaction. Based on the information from the CI, as well as the audiotape from the wire, the police received a search warrant to search Ratleff's house. The warrant was executed, which uncovered, inter alia, a 9mm handgun and a safe. Ratleff was arrested.
 {¶ 3} At the station following the arrest, Ratleff was questioned about the safe. She consented to it being opened. The safe contained $510 in cash and a can of hairspray, which had a false bottom containing 50 grams of crack cocaine. Ratleff admitted the crack cocaine was hers. Additionally, she admitted that she intended to sell the crack cocaine.
 {¶ 4} Ratleff was indicted on two counts: trafficking in drugs, a felony in the fourth degree in violation of R.C. 2925.03(A) and possession of drugs, a felony in the first degree in violation of R.C.2925.11(A). Following a plea, Ratleff pled guilty to possession of drugs, which carried a mandatory sentence of at least three years and a fine of $10,000. See R.C. 2925.11(C)(4)(e).
 {¶ 5} At the sentencing hearing, the trial judge found that Ratleff "appeared a number of times in misdemeanor court" for driving under a suspended license and passing bad checks. Furthermore, based on the interview in the pre-sentence investigation and the amount of drugs involved, the trial judge found that Ratleff had "not shown remorse for being involved in this criminal activity" and was likely to recidivate. Finally, the trial judge found that Ratleff's crimes involved weapons, including the 9mm handgun found at her house when the search warrant was executed. Taking all these factors together, the trial judge found that the minimum three year sentence did not "adequately protect the public" and would "demean the seriousness of the offense." Ratleff was sentenced to four years in prison. This appeal followed.
 {¶ 6} Ratleff asserts two assignments of error. The first assignment of error contends that the trial court erred by sentencing Ratleff beyond the minimum three year sentence in violation of R.C. 2929.14(B). The second assignment alleges that in light of Blakely v. Washington (2004), ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403, the trial court erred in sentencing Ratleff on facts not stipulated by the defendant or found true beyond a reasonable doubt by a jury. For ease of discussion, we will address these assignments of error in reverse order.
 {¶ 7} In Blakely, the United States Supreme Court expanded on the rule that "other than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Apprendi v.New Jersey (2000), 530 U.S. 466, 490. The Blakely court clarified that "the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the juryverdict or admitted by the defendant." Blakely, 124 S.Ct. at 2537. "In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Id. at 2537.
 {¶ 8} We examined the applicability of Blakely to the Ohio sentencing system in our recent decision in State v. Trubee (Feb. 14, 2005), Marion App. No. 9-03-65. The Ohio scheme creates a sentencing range based on the degree of felony; in the instant case, Ratleff pled guilty to a first degree felony which carries a sentencing range from three to ten years. R.C. 2929.14(A)(1). Next, the statute requires the trial court to "impose the shortest prison term authorized for the offense" unless the court makes additional determinations. R.C. 2929.14(B). The sentencing court may impose a longer prison sentence if either of the following applies:
(1) The offender was serving a prison term at the time of the offense,or the offender previously had served a prison term.
 (2) The court finds on the record that the shortest prison term willdemean the seriousness of the offender's conduct or will not adequatelyprotect the public from future crime by the offender or others.
R.C. 2929.14(B)(1) and (2).
 {¶ 9} Ratleff argues in her second assignment of error that the Ohio sentencing scheme is unconstitutional in light of Blakely. She argues that R.C. 2929.14(B) allowed the trial court to increase her sentence beyond the "statutory maximum" based on factors not submitted to a jury and proved beyond a reasonable doubt. However, we found in Trubee that the Blakely rule does not apply to Ohio's sentencing scheme. Trubee,
Marion App. No. 9-3-65, at ¶ 51. In that decision we held that the "shortest prison term authorized for the offense" was not the statutory maximum under Blakely for two reasons: (1) the statute does not increase the maximum penalty to which a defendant is susceptible due to factual findings by a trial judge, and (2) the statute does not mandate an increase in the sentence based on any judicial determinations. Id. Following on our decision in Trubee, Ratleff's second assignment of error is overruled.
 {¶ 10} Additionally, Ratleff's first assignment of error contends that the trial court failed to make the necessary findings under R.C. 2929.14(B) when it imposed a sentence of four years imprisonment. However, the record demonstrates that the trial court followed Ohio's sentencing scheme in sentencing Ratleff beyond "the shortest prison term authorized for the offense." The record reflects that the trial court considered several additional factors — Ratleff's past criminal history, her lack of remorse for the crime, and the fact that a 9mm handgun was found in the proximity of the crack cocaine — and found that the three year sentence did not adequately protect the public and demeaned the seriousness of the offense. R.C. 2929.14(B)(2). Based on those findings, the trial court was permitted to increase Ratleff's sentence beyond the minimum. Accordingly, Ratleff's second assignment of error is overruled, and the judgment and sentence of the trial court is affirmed.
Judgment Affirmed.
 Cupp, P.J., and Rogers, J., concur.